**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL121569

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

|  |  |
|---|---|
| Solomon Braun, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| FBCS, Inc. | |
| Defendant. | |

Plaintiff Solomon Braun, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant FBCS, Inc. as follows:

### INTRODUCTION

1.     This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

2.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3.     The purpose of the FDCPA is to protect consumers from deceptive or harassing

1

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4.      To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5.      As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6.      Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7.      If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8.      The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA is sufficient to establish civil liability against a debt collector.  *Id.*

## JURISDICTION AND VENUE

9.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10.      This court has jurisdiction over defendant FBCS, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11.      Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12.      Plaintiff Solomon Braun ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Kings County, New York.

13.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14.      Defendant FBCS, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Montgomery County, Pennsylvania.

15.      Defendant has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

16.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of Defendant's businesses is the collection of such debts.

19.     Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.     The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

### FACTUAL ALLEGATIONS

22.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

23.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24.     The alleged Debt does not arise from any business enterprise of Plaintiff.

25.     The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

27.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

4

28.    In its efforts to collect the alleged Debt, Defendant caused correspondence, including a collection letter dated October 26, 2020 to be sent to Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1.**")

29.    The Letter conveyed information regarding the alleged Debt.

30.    The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

31.    The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

32.    15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive clear, accurate and unambiguous collection letters from Defendant that would allow Plaintiff to identify the source of the alleged Debt and confirm that the alleged Debt was actually owed. As set forth herein, Defendant deprived Plaintiff of these rights.

33.    15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of these rights.

34.    Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

35.    Plaintiff's injury is directly traceable to Defendant's conduct because Defendant sent the Letter, and but for Defendant's conduct, Plaintiff would not have been deprived of the aforementioned rights.

36.    Plaintiff has been misled by Defendant's conduct.

37.    Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

38.    Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

39.    Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

40.    As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

41.    As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

42.    The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

43.    A favorable decision herein would redress Plaintiff's injury with money damages.

44.    A favorable decision herein would serve to deter Defendant from further similar conduct.

45.    Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## FIRST COUNT
### Violation of 15 U.S.C. §§1692e and 1692f

46.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47.    § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

48.    § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

49.    15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

50.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

51.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

52.    §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

53.    The Letter sets forth that non-interest charges or fees of $1,326.97 have accrued on the alleged Debt after charge-off.

54.    There is no legal basis to add these non-interest charges to the alleged Debt after charge-off.

55.    Such post charge-off non-interest charges or fees are neither expressly authorized by the agreement creating the debt, nor permitted by law.

56.    The Letter falsely implies that there was a legal basis to add non-interest charges or fees to the alleged Debt after charge-off.

57.    Defendant's conduct, as described, violates §§ 1692e and § 1692f.

7

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692g, 1692e, 1692e(2)(A) and 1692e(10)**

58.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

59.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

60.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

61.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

62.     To comply with the FDCPA, the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will pay the account in full and therefore the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

63.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the amount of the debt to increase.

64.     The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

65.     The amount of the alleged Debt was increasing at the time it was assigned or

8

otherwise transferred to Defendant for collection.

66.    The amount of the alleged Debt was increasing at the time Defendant sent Plaintiff the Letter.

67.    The amount of the alleged Debt was increasing at the time Plaintiff received the Letter.

68.    The Letter fails to advise Plaintiff that the amount of the alleged Debt was increasing or the *Avila* disclaimer.

69.    As a result of such failure, Defendant did not clearly, accurately, and without ambiguity convey, from the perspective of the least sophisticated consumer, that the amount of the alleged Debt may increase.

70.    As a result of such failure, Defendant did not clearly, accurate, and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

71.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

73.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

74.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

75.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

76.     A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

77.     For this reason, 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase or to state that payment of a sum certain by a specified date will fully satisfy the debt.

78.     The failure to provide the aforementioned disclosures makes the collection letter deceptive under 15 U.S.C. § 1692e.

79.     The amount of the alleged Debt was increasing at the time it was assigned or otherwise transferred to Defendant for collection.

80.     The amount of the alleged Debt was increasing at the time Defendant sent Plaintiff the Letter.

81.     The amount of the alleged Debt was increasing at the time Plaintiff received the Letter.

82.     The Letter fails to advise Plaintiff that the amount of the alleged Debt was increasing.

83.     For the foregoing reasons, Defendant also violated 15 U.S.C. §§ 1692g, 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

84.     Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

85.     Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

86.    This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

87.    The Class consists of more than thirty-five persons.

88.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

89.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

90.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

91.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: February 17, 2021

BARSHAY, RIZZO & LOPEZ, PLLC

By: *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL121569
*Attorneys for Plaintiff*

12